STATE OF OREGON, RESPONDENT, v. E. L. PERHAM,
APPELLANT.

INDICTMENT.—An indictment under § 636 of the Criminal Code charging the
defendant with having received two hundred and fifty dollars feloniously
for the payment of the amount of salary due him, should state the length
of time the salary was unpaid or otherwise designate the service or duty
charged for.

APPEAL from Wasco County.

The defendant was indicted under § 636 of the Criminal
Code, and being convicted, was adjudged to pay a fine of

four hundred dollars.   He appeals from the judgment of the Circuit Court.

The only ground of error assigned is that the facts stated in the indictment do not constitute a crime.

The charging part of the indictment is as follows: "Said Perham, in the county aforesaid, on the fifth day of January, A. D. 1870, being then and there an officer of Wasco County, Oregon, to wit, the County Judge of said county, duly elected and qualified as such, and then and there acting as such Judge, did then and there willfully, knowingly and feloniously receive a compensation other than that authorized by law for an official duty performed by said officer, to wit: the said Perham did then and there receive an order from the County Clerk of said county, on the Treasurer of said county, for the sum of fifty dollars; and also at the same time and place, an additional order from said Clerk for the sum of two hundred dollars, both of said orders *to be paid* out of the funds belonging to said county, and both of said orders being then and there issued in favor of said Perham for the payment of the amount of the salary due said Perham as such Judge up to the first day of January, A. D. 1870, when there was due to said Perham as such Judge the sum of two hundred dollars at said time and place."

*Orlando Humason, and Hill, Thayer & Williams,* for Appellant.

*S. Ellsworth,* for Respondent.


By the Court, UPTON, J.:

This case is very similar to that of *The State* v. *Packard,* decided at the present term.   The defendant is indicted under § 636 of the Criminal Code, and the indictment does not describe the services or duty for which the compensation was received in such manner as to enable the Court to conclude from the facts stated whether or not the compensation received was "other than that authorized or permitted by law."   The compensation is alleged to have been for

salary, but the indictment does not state for what period of time the salary was unpaid.

It is also questioned whether under the facts assumed in the argument, the warrant for fifty dollars is not void and consequently no payment within the meaning of the statute.

The latter question is not necessarily involved, inasmuch as the indictment must be held insufficient, for reasons expressed in the case of *The State* v. *Packard*.

The judgment should be reversed.